IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PNC BANK, N.A., COLUMBIA HOUSING LP CORPORATION, AND 2013 TRAVIS OAK CREEK, LP,<br>    *Plaintiffs,*<br><br>v.<br><br>2013 TRAVIS OAKS CREEK, GP, LLC AND 2013 TRAVIS OAK CREEK DEVELOPER, INC., CHULA INVESTMENTS, LTD., AND RENE O. CAMPOS,<br>    *Defendants.* | § § § § § § § § § § § § § § § § | No. 1:17-cv-584-RP-ML<br>**(consolidated with 1:17-cv-560-RP)** |
| 2013 TRAVIS OAKS CREEK, GP, LLC AND 2013 TRAVIS OAK CREEK, LP,<br>    *Plaintiffs,*<br><br>v.<br><br>PNC BANK, N.A., COLUMBIA AND HOUSING LP CORPORATION,<br>    *Defendants.* | § § § § § § § § § § § § | |

**EUREKA PARTIES' AND PARTNERSHIP'S PRE-HEARING SUBMISSION**

COME NOW, 2013 Travis Oak Creek, LP (the "Partnership"), and 2013 Travis Oak Creek, GP, LLC, 2013 Travis Oak Creek Developer, Inc., Chula Investments, Ltd., and Rene O. Campos and submit this pre-hearing submission.

1. On October 4, 2023, the Court entered an Order Setting Hearing for October 16, 2023, to determine why "the Eureka Parties" submission of proposed findings of fact and conclusions of law allegedly did not follow the Court's instructions. Doc. 247.

2. The Eureka Parties and the Partnership respectfully disagree with and object to the allegations by the PNC Parties that they did not follow the Court's instructions. They most certainly intended no disrespect to the Court in submitting their proposed findings of facts and conclusions of law. In fact, both the Eureka Parties and the Partnership believed they were providing the Court what it asked for, and what their counsel believed was necessary to preserve their positions on the record, and to avoid any waiver.

3. At the conclusion of the hearing on the parties' Cross Motions to Enforce Settlement Agreement, the Court stated as follows:

> … I'm going to be asking lawyers to draft proposed orders for me. They're going to be in a format I'm going to order, but I'm going to meld it all together and do an R&R. But walk me through who the exact parties are to this judgment – or order that Judge Pitman's eventually going to enter…. I need to know why they're a party to whatever order or R&R is going to be generated in the wake of this hearing. *Transcript* 146:9-20.
> …
> So here's what I'm going to ask that you do in the wake of what I've just shared with you. I'm going to ask the Eureka parties side within 14 days … to give me a proposed – you can call it whatever you want, an order, supplement, a notice, perhaps just a supplement to your – or an amended version of your proposed order to your original filing, whatever, that touches on two things: Your rightful award of the 2019 tax credit and the disallowance of the 2015 tax credit to PNC for the reasons I've articulated. ….

> … Within 14 days thereafter… I want PNC to take those arguments, if you will, and you could just put a holder in whatever proposed order you put together. But you're going to be responsible for the larger, more omnibus proposed order and by that, I mean findings of fact and conclusions of law. And you're going to have to do some of that on the Eureka side to get me where I need to go with regard to 2015 and 2019.
>
> But basically what I'm asking both sides to do is give me a proposed order on the issues they have prevailed upon and then, I'm going to put it all together and between me and the brain trust here, we will generate a final R&R for Judge Pitman's review and that's that. *Transcript* 147:21- 148:20.

4. In response to these comments and instructions from the Court – the only guidance as to what the Court was requesting from the parties following the hearing – the Partnership and Eureka Parties filed Proposed Findings of Fact and Conclusions of Law on September 5, 2023. Doc. 245. In the Proposed Findings of Fact and Conclusions of Law, the Partnership and Eureka Parties provided information to support an award of the 2019 tax credits to the Partnership and the disallowance of the PNC Parties' claims for the 2015 tax credit value. The Partnership and Eureka Parties also submitted proposed findings of fact and conclusions of law concerning the 2016 tax credits. The submission followed receipt and review of a hearing transcript, and cited to the evidence in the record that supported the proposed findings and conclusions submitted on all issues in the case, in a manner that the Partnership and Eureka Parties believe is supported by the evidence.

5. As the Court itself has observed, the parties' competing claims are intertwined as are their proposed defensive positions and each is party dependent. The Court was unclear who was asserting claims and defenses, asking the parties to

walk it through that very issue in their respective post-hearing submissions. The lack of clarity exists for good reasons. For example, although treated by the PNC Parties as a "Eureka Party" throughout their filings and during the hearing, the Partnership was not a defined Eureka Party in the settlement agreement.[1] Accordingly, its right to receive payment for the 2019 tax credits does not correspond to any right of payment due to the Eureka Parties and is an independent right to payment.[2]

6. Moreover, the record established during the hearing gives rise to a good faith question of fact and law as to how the Partnership can be entitled to the 2019 tax credit payment - an entitlement that is fully dependent upon the Eureka Parties commercially reasonable efforts following the settlement closing to secure the release of the tax credits, only to be found liable for the 2016 tax credits – a liability that can arise only upon a conclusion that no commercially reasonable efforts were undertaken. The commercially reasonable efforts relate to the issuance of the one 8609 Form, that was issued with the full allotment of the allocated credits.

7. Finally, the Court had expressed some concerns about the time spent by the parties arguing about efforts to secure the tax credits prior to the settlement closing, essentially concluding that any such efforts or lack thereof were of no relevance to the Court's inquiry. But during the hearing the PNC Parties argued that any acting general partner was required to fulfill the obligations of the general

---

[1] *See* Hearing Exhibit 2, p. 13 whereby the Eureka Settlement Parties are defined as "Travis Oak GP, Developer, Campos, Chula, Eureka, and Travis Heights. The Partnership was separately defined as 2013 Travis Oak Creek, LP.
[2] For example, it was the Eureka Parties' obligation to use all commercially reasonable efforts to effectuate the issuance of the Tax Credits – not the Partnership's. Hearing Exhibit 2, p. 3.

partner to secure the tax credits, which they argued overrode any obligations under the settlement agreement. And while the efforts of the PNC Parties to secure the tax credits during the injunction period, but before a settlement agreement, may not be relevant to the question of enforcing the settlement agreement, as the PNC Parties' aptly observe, their obligations in this regard after the effective date of the settlement agreement but prior to its closing, are entirely relevant to the totality of the settlement enforcement questions presented to the Court, given 1) the express language of the Settlement Agreement's section 4(a)(i) that states, "For so long as this Agreement is in effect prior to Closing, the PNC Settlement Agreement Parties agree to operate in the ordinary court of the Partnership pursuant to the Partnership Agreement"[3] and the Release Agreement that stated, "The foregoing release and discharge shall not include any claim for breach of the contractual obligations of any PNC Parties in or under the Settlement Agreement."[4]

8.  In any event, the Court expressed a need for clarity, asking the parties to "walk me through who the exact parties are to this judgment – or order that Judge Pitman's eventually going to enter…. I need to know why they're a party to whatever order or R&R is going to be generated in the wake of this hearing." The Court directed the parties to make post hearing submissions, in no particular form, advising that it would meld it all together and do an R&R. Nothing in the Court's oral pronouncement prohibited the parties from submitting *proposed* findings of fact or conclusions of law for the Court's further consideration of all of the issues in the case from which the

---

[3] Hearing Exhibit 2, p. 4.
[4] Hearing Exhibit 6, p. 3.

Court could meld together what it desires, to fashion its ultimate report and recommendation.

9. Counsel for the Partnership and Eureka Parties take their obligations to the Court and their clients, very seriously. They believed they were submitting not only what the Court requested from the parties (the PNC Parties were granted an opportunity to submit proposed findings and conclusions supporting their position in the case, in response to what the Partnership and Eureka Parties submitted) but they also believed they were submitting what is required by law, in order to avoid any waiver of objections or other rights, Under Federal Rule of Civil Procedure 46, a party "must make known to the court the action which the party desires the court to take or the party's objection to the action of the court." *Fields v. Quinn*, 180 F.3d 263, *1 (5th Cir. 1999). The purpose of this rule is to give the court an opportunity to consider the objection and resolve it. *Puckett v. U.S.*, 556 U.S. 129, 134 (2009). Here, if only to avoid any waiver, the Eureka Parties and the Partnership Proposed Findings of Fact and Conclusions of Law as to the 2016 tax credits were making it known to the Court the action on which it desired the Court to take and the basis for that request according to citations in the record or in case law. Counsel likewise believed they were acting in full accordance with Rule 52, F. R. Civ. P., to ensure that any proposed findings of facts and conclusions of law they submitted were complete on all issues, accurate, and in conformity with the evidence received and admitted by the Court, so as to avoid any waivers or potential waivers, arising from any failure to submit the same.

10.     Notably, in its post-hearing instructions, the Court stated "[b]ut you're going to be responsible for the larger, more omnibus proposed order and by that, I mean findings of fact and conclusions of law. And you're going to have to do some of that on the Eureka side to get me where I need to go with regard to 2015 and 2019." The Court expressed its contemplation that it would be presented with omnibus findings of facts and conclusions of law from both parties from which the Court would pick and choose from the respective submissions. Counsel for the Partnership and Eureka Parties endeavored to present their proposed findings and conclusions in a way that addressed all of the Court's expressed concerns and that will lead to a proper and correct report and recommendation, fashioned from the melding of both sides' submissions.

                Respectfully submitted,

By:    */s/ V. Blayre Pena*
       V. Blayre Pena
       State Bar No. 24050372
       Blayre@VBPenaLaw.com

**VBPena Law, PLLC**
406 N. Lee St., Ste 103
Round Rock, Texas 78664
Telephone: (512) 642-8585

       */s/ Kenneth B. Chaiken*
       Kenneth B. Chaiken
       State Bar No. 04057800
       kchaiken@chaikenlaw.com
       Robert L. Chaiken
       State Bar No. 04057830
       rchaiken@chaikenlaw.com

**CHAIKEN & CHAIKEN, P.C.**
5717 Legacy Drive, Ste. 250
Plano, Texas 75024-4246
Ph.: (214) 265-0250
Fax: (214) 265-1537

**ATTORNEYS FOR THE EUREKA PARTIES**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record via the Court's electronic filing system, on October 14, 2023.

By: */s/ V. Blayre Pena*
V. Blayre Pena