UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PNC BANK, N.A. and <br> COLUMBIA HOUSING SLP <br> CORPORATION, as partners in <br> 2013 TRAVIS OAK CREEK, LP, and <br> 2013 TRAVIS OAK CREEK, LP <br><br> Plaintiffs, <br> v. <br><br> 2013 TRAVIS OAK CREEK GP, LLC, <br> 2013 TRAVIS OAK CREEK <br> DEVELOPER, INC., <br> CHULA INVESTMENTS, LTD., and <br> RENE O. CAMPOS, <br><br> Defendants. | § § § § § § § § § § § § § § § § | Civil Action No. 1:17-cv-584-RP-ML <br> (Consolidated with <br> Case No. 1:17-cv-560-RP) |

**PNC PARTIES' OBJECTION TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, PNC Bank, N.A. ("PNC Bank") and Columbia Housing SLP Corporation ("Columbia") (collectively, the "PNC Parties") file this Objection to the Report and Recommendation ("R&R", Dkt. 251) as follows:

## I.  INTRODUCTION

The PNC Parties file this limited objection to the R&R with regard to its finding that the PNC Parties' claim under the Tax Credit Guaranty is moot (R&R ¶ 61). If for any reason the Court does not award the PNC Parties $1,999,800 regarding the 2016 tax credits under the Settlement Agreement, or that ruling is successfully challenged on appeal, the PNC Parties' claim for those same damages under the Tax Credit Guaranty is not moot, and it has been established by the evidence. Accordingly, the PNC Parties ask the Court to also award them $1,999,800 under Tax Credit Guaranty regarding the 2016 tax credits.

1

## II.  OBJECTION

In addition to suing for breach of the Settlement Agreement regarding the 2016 tax credits, the PNC Parties also sued for breach of the Tax Credit Guaranty regarding the 2016 tax credits.

The R&R correctly finds that the PNC Parties have established the first two elements of breach of contract regarding the Tax Credit Guaranty—that the Tax Credit Guaranty is a valid contract, and that the PNC Parties performed under its terms.  R&R ¶ 86.  However, on the basis of mootness, the R&R declined to make findings regarding the last two elements:  breach of the Tax Credit Guaranty, and the resulting damages to the PNC Parties.  *Id.*  The R&R states:

> 61. Nevertheless, the court declines to reach the question of whether a Shortfall Determination occurred because the undersigned has concluded that the Eureka Parties breached Sections 2 and 11 of the Settlement Agreement and thus that the PNC Parties suffered $1,999,800 in damages [for the 2016 tax credits]. ***Because the PNC Parties are entitled to recover the $1,999,800 [for the 2016 tax credits] only once, the undersigned concludes the issues of whether a Shortfall Determination occurred and whether the PNC Parties are entitled to recover under the Tax Guaranty Agreement are moot.***

R&R ¶ 61 (emphasis added).

The PNC Parties agree that they are entitled to recover the $1,999,800 for the 2016 tax credits only once.  However, if for any reason the Court does not award the PNC Parties $1,999,800 regarding the 2016 tax credits under the Settlement Agreement, or that ruling is successfully challenged on appeal, the PNC Parties' claim under the Tax Credit Guaranty would still be a live controversy.  *See Gil Ramirez Group, L.L.C. v. Marshall*, 765 Fed. Appx. 970, 974 (5th Cir. 2019) ("So long as 'the election of ***remedies*** theory applies in this case, the issue of whether' the unelected ***award*** 'was proper is moot.'") (emphasis added) (*quoting Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 341 (5th Cir. 2008)).

2

In that event, the evidence establishes that the PNC Parties are entitled to recover $1,999,800 for the 2016 tax credits under the Tax Credit Guaranty. Again, the R&R correctly finds that the that the Tax Credit Guaranty is a valid contract, and that the PNC Parties performed under its terms. R&R ¶ 86. And the terms of the Tax Credit Guaranty, as well as each party's actions, are not in dispute. *See* R&R ¶¶ 44-57:

- It is undisputed that "the signatories to the Tax Credit Guaranty include PNC Bank and Columbia (as Idemnitees) and the Partnership, General Partner, Campos, Developer, and Chula (as Indemnitors)." R&R ¶44 (citing Dkt. 242-3 at 223-25 (JX 5));

- It is undisputed that the Eureka Parties agreed to pay the PNC Parties the "Indemnity Amount", as calculated by CohnReznick. R&R ¶¶ 46, 50;

- It is undisputed that "[o]n May 3, 2022, CohnReznick sent the PNC Parties and the Eureka Parties its calculation of the Indemnity Amount, stating that the 'Indemnity Amount is equal to: $2,596,079.00,' comprised of $596,279 for 2015 and $1,999,800 for 2016." R&R ¶ 55 (citing Dkt. 242-1 at 21 (PX 9));

- It is undisputed that that Eureka Parties never paid that amount to the PNC Parties, and instead "sent an email to CohnReznick instructing CohnReznick that: 'It is our position as GP to NOT finalize or transmit any of the requested indemnity work for 2013 Travis Oak Creek, LP. The requestors are not legal parties of the LP. Our position is not to send or finalize the requested information at this time.'" R&R ¶ 56 (citing Dkt. 242-1 at 39–40 (JX 10));

- It is undisputed that the "Partnership Agreement states that the Forecasted Tax Credit for 2015 is $596,279, and the Forecasted Tax Credit for 2016 is $1,999,800." R&R ¶ 4.

Thus, the evidence establishes the Eureka Parties' breach of the Tax Credit Guaranty (by not paying the Indemnity Amount and/or by preventing CohnReznick from finalizing the indemnity calculation) regarding the 2016 tax credits, as well as the resulting damages totaling $1,999,800.

The Tax Credit Guaranty defines "Shortfall Determination," as "a written determination, audit or other report of the accountants for the Project which evidences that a Tax Credit Shortfall has occurred." R&R ¶ 49 (citing Dkt. 242-3 at 214). It is undisputed that CohnReznick, LLP is

the "accountant[] for the Project," the Partnership's tax preparer, and the Partnership's agent. R&R ¶ 50 (citing Tr. 29:11–14; 73:3–17; 87:24–88:5; 139:4–14).

CohnReznick's January 4, 2022 email (PX 7) and its May 3, 2022 Indemnity Calculation (PX 9) *each* constitute a Shortfall Determination under the definition, as both are (1) from CohnReznick and (2) "evidence" that a Tax Credit Shortfall[1] has occurred. The Eureka Parties provide no explanation as to how PX 7 and PX 9 do not meet the definition of Shortfall Determination. Moreover, even if a "Shortfall Determination" did not occur (it did), the only reason it did not is because the Eureka Parties instructed CohnReznick (their agent) *not to make one*. R&R ¶ 56 (citing Dkt. 242-1 at 39–40 (JX 10)); ¶ 59. Texas law is clear that the Eureka Parties cannot escape their liability under the Tax Credit Guaranty by *preventing* CohnReznick from making a Shortfall Determination: "It is elementary that one who prevents or makes impossible the performance of a condition precedent upon which his liability under a contract is made to depend cannot avail himself of its nonperformance." *Sharifi v. Steen Auto., LLC*, 370 S.W.3d 126, 146 (Tex. App.—Dallas 2012, no pet.) (quoting *II Deerfield Ltd. P'ship v. Henry Bldg., Inc.*, 41 S.W.3d 259, 265 (Tex. App.-San Antonio 2001, pet. denied)).

Thus, the evidence establishes that a Shortfall Determination was made by CohnReznick (or prevented by the Eureka Parties), that the Eureka Parties breached the Tax Credit Guaranty by failing to pay the PNC Parties the Indemnity Amount as calculated by CohnReznick (PX 9), and that the PNC Parties suffered damages resulting from that breach regarding the 2016 tax credits in the amount of $1,999,800.

---

[1] "[T]he Tax Credit Guaranty defines 'Tax Credit Shortfall' to mean 'any non-delivery or shortfall with respect to any Forecasted Tax Credits associated with all tax years through the end of 2019 or the disallowance or recapture of any Allocated Tax Credit at any time.'" R&R ¶ 46 (citing Dkt. 242-3 at 214).

## CONCLUSION

Wherefore, the PNC Parties respectfully request that the Court sustain this objection, also award them $1,999,800 under Tax Credit Guaranty regarding the 2016 tax credits, as well as reasonable attorney's fees, and any and all other relief to which they may be justly entitled.

Dated: November 13, 2023.　　　　　By:  /s/ Grayson L. Linyard
　　　　　　　　　　　　　　　　　　　　John T. Gerhart., Jr.
　　　　　　　　　　　　　　　　　　　　jgerhart@huntonAK.com
　　　　　　　　　　　　　　　　　　　　Grayson L. Linyard
　　　　　　　　　　　　　　　　　　　　glinyard@huntonAK.com
　　　　　　　　　　　　　　　　　　　　HUNTON ANDREWS KURTH LLP
　　　　　　　　　　　　　　　　　　　　1445 Ross Avenue, Suite 3700
　　　　　　　　　　　　　　　　　　　　Dallas, Texas 75202-2799
　　　　　　　　　　　　　　　　　　　　Telephone: (214) 468-3327
　　　　　　　　　　　　　　　　　　　　Fax: (214) 880-0011

　　　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR PLAINTIFFS**
　　　　　　　　　　　　　　　　　　　　**PNC BANK, N.A. AND COLUMBIA HOUSING**
　　　　　　　　　　　　　　　　　　　　**SLP CORPORATION**

## CERTIFICATE OF SERVICE

　　　　I hereby certify that on November 13, 2023, I served the foregoing on all counsel of record registered with the Court's ECF system, by electronic service via the Court's ECF transmission facilities.

　　　　　　　　　　　　　　　　　　　　/s/ Grayson L. Linyard
　　　　　　　　　　　　　　　　　　　　Grayson L. Linyard